IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PLASTIC SURGERY CONSULTANTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01317 (RDA/IDD) |
| | ) | |
| CAREFIRST BLUE CROSS BLUE SHIELD | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant Carefirst Blue Cross Blue Shield Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). Dkt. 5. Considering Plaintiff Plastic Surgery Consultants, LLC's ("Plaintiff's") Complaint (Dkt. 1-2, 4-9), Defendant's Motion to Dismiss, Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint (Dkt. 6), and argument before the Court on December 6, 2019, this Court GRANTS Defendant's Motion to Dismiss on all counts for the reasons stated below.

### I. BACKGROUND

#### A. Factual Background

Plaintiff is a Virginia limited liability company with its principal place of business at 2755 Hartland Rd., Suite 300, Falls Church, VA 22043. Dkt. 1-2, 4. Plaintiff provides medical care services. Dkt. 1-2, 4. Defendant is a Maryland corporation engaged in commerce in Virginia, is formulated under the laws of Virginia, and has a Virginia registered agent located at CT Corp. System, 4701 Cox Rd., Suite 285, Glen Allen, VA 23060. Dkt. 1-2, 4. Defendant is a health care

carrier. Dkt. 1-2, 4.

Between January 19, 2017, and July 11, 2018, Plaintiff performed emergency medical services valued at $903,890.56 for a member of Defendant's insurance company – Member XIC903086900. Dkt. 1-2, 5. Defendant has only paid Plaintiff $84,352.74, leaving $806,022.35 due. Dkt. 1-2, 5.

### B. Procedural Background

On September 11, 2019, Plaintiff filed its Complaint against Defendant in the Circuit Court for Fairfax County setting forth the following three counts: (1) a violation of Virginia Code § 38.2 – 3445; (2) a claim of *quantum meruit*; and (3) a claim of unjust enrichment. Dkt. 1-2, 2-3. On October 16, 2019, Defendant filed a Notice of Removal from the Circuit Court for Fairfax County to this Court. Dkt. 1. Plaintiff did not respond or otherwise contest this Court's jurisdiction. On October 18, 2019, Defendant filed a Consent Motion for an Extension of Time to File a Responsive Pleading, which the Court granted. Dkt. Nos. 3 and 4. Defendant filed the instant Motion to Dismiss, which went unopposed. Dkt. 5. The Court then heard argument on Defendant's Motion to Dismiss to which Plaintiff failed to attend.

### II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Id.*

2

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *E. Shore Mkts., Inc. v J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).

### III. ANALYSIS

### A. Count One

Count One of Plaintiff's Complaint alleges that Defendant violated § 38.2 – 3445 of the Virginia Code. Dkt. 1-2, 6. Defendant counters that Plaintiff failed to state a plausible claim for relief because "[t]he statute specifically addresses and sets forth the obligations of a health care carrier to its members, not to medical providers such as [Plaintiff]," and as such, Plaintiff, a medical provider, does not have the requisite standing to bring a claim under that statute. Dkt. 5, 2.

Section 38.2 – 3445 of the Virginia Code, "Patient access to emergency services" expressly provides that, "if a health carrier providing individual or group health insurance coverage provides any benefits with respect to services in an emergency department of a hospital, the health carrier

3

shall provide coverage for emergency services." While Defendant urges that this statute only gives standing to a health care carrier's member, and not standing to the medical provider, the plain language of the statute does not specify that medical providers are precluded from seeking recovery under this statute. As such, Defendant's argument does not demonstrate that Plaintiff lacks standing.

Nevertheless, Count One of Plaintiff's Complaint must still be dismissed because the Court finds, *sua sponte*, that Plaintiff has no private right of action under Virginia Code § 38.2 – 3445. The United States Court of Appeals for the Fourth Circuit has held that

> federal courts should be reluctant to read private rights of action into state laws where state courts and state legislatures have not done so. Without clear and specific evidence of legislative intent, the creation of a private right of action by a federal court abrogates both the prerogatives of the political branches and the obvious authority of states to sculpt the content of state law.

*A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 674 (4th Cir. 1986).

In *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, the Fourth Circuit addressed whether a district court erred in dismissing a healthcare provider's claim under the Virginia insurance equity laws for failure to state a claim. 367 F.3d 212, 229-30 (4th Cir. 2004). The plaintiff healthcare provider in that matter brought claims under Virginia Code §§ 38.2-2203, 38.2-3408, 38.2-4221, and 38.2-4312(E). On appeal, the Fourth Circuit the Court held that "Virginia would not recognize a private cause of action under [§ 38.2-3408]." *American Chiropractic Ass'n*, 367 F.3d at 229. The court noted that though

> the section itself did not include an enforcement mechanism[,] . . . § 38.2–200 [of the same title] explains that the '[State Corporation] Commission is charged with the execution of all laws relating to insurance and insurers.' Va. Code Ann. § 38.2 – 200. Section 38.2–221 grants the Commission the power to levy and enforce penalties against insurers for violations of the insurance code. Va. Code Ann. § 38.2–221. That section, however, also states that the 'power and authority conferred upon the Commission by this section shall be in addition to and not in substitution for the power and authority conferred upon the courts by general law

4

to impose civil penalties for violations of the laws of this Commonwealth.'

*American Chiropractic Ass'n*, 367 F.3d at 229.  The court, applying the test it set forth in *A & E Supply Co.*, then held that "§ 38.2 – 3408 does not create a private right of action because it does not contain any specific statutory language creating such an action," and that "§ 38.2 – 221 does not evince a legislative intent to create private rights of action under the insurance code. Rather . . . that statutory provision only leaves in place pre-existing statutory and common-law rights of action." *American Chiropractic Ass'n*, 367 F.3d at 230; *see also A & E Supply Co.*  798 F.2d at 674.

This Court finds the Fourth Circuit's holding in *American Chiropractic Ass'n*, instructive. This Court is reluctant to create a private right of action where the Virginia state courts and the Virginia legislature have not done so. *See A & E Supply Co.*, 798 F.2d at 674.  It does not appear that the Virginia state courts have created a private right of action under this section, and § 38.2 – 3445 is silent about whether a private cause of action may be raised. *See* Va. Code. Ann. § 38.2 – 3445.  As the *American Chiropractic* court reasoned, because § 38.2-200 of the same title gives the State Corporation Commission authority to execute Virginia laws relating to insurance, and § 38.2-221 provides the Commission with the authority to enforce penalties against insurers when they violate insurance law, this Court should find that the legislative intent is clear that there should be no private right of action under the Virginia law of which Plaintiff seeks relief. Similar to the findings of the *American Chiropractic Ass'n* court, § 38.2-221 does not expressly provide Plaintiff a private right of action under § 38.2-3445.  That provision merely maintains statutory and common-law rights of action that existed before. *American Chiropractic Ass'n*, 367 F.3d at 229.

Accordingly, Count One of Plaintiff's Complaint is dismissed.

## B. Count Two

Count Two of Plaintiff's Complaint sets forth Plaintiff's theory of *quantum meruit* and avers that "Defendant [ ] fail[ed] to pay [Plaintiff] for . . . emergent [sic] medical services," and as such, Plaintiff "has suffered damages . . . ." Dkt. 1-2, 6. Similarly to its argument with respect to Count One of Plaintiff's Complaint, Defendant responds that Plaintiff "has no standing to bring [this] claim." Dkt. 5, 3. In support of this argument, Plaintiff acknowledges that "there does not appear to be any Virginia law directly on point and cites to *MCI Healthcare Inc. v. United Health Grp., Inc.*, a slip opinion from the United States District Court for the District of Connecticut. 3:17-cv-01909, 2019 WL 2015949, at * 12 (D. Conn. 2019) ("courts have repeatedly held that providers cannot bring *unjust enrichment* claims against insurance companies based on services rendered to insureds.");[1] Dkt. 5, 3. In the instant matter, the Court declines to extend this jurisprudence to this case.

Nevertheless, Count Two of Plaintiff's Complaint still fails. Under Virginia law, a *quantum meruit* claim requires proof of four elements. *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 961 F.2d 489, 491 (4th Cir. 1992) (citing *Humphreys Railways, Inc. v. F/V Nils S.*, 603 F. Supp. 95, 98 (E.D. Va. 1984) (citing *Marine Development Corp. v. Radak*, 225 Va. 137 (Va. 1983)). "The claimant must show that (i) he rendered valuable services, (ii) to the defendant, (iii) which were requested and accepted by the defendant, (iv) under such circumstances as reasonably notified the defendant that the claimant, in performing the work, expected to be paid by the defendant." *Id.*

---

[1] The court in *MCI Healthcare Inc. v. United Health Grp., Inc.*, 3:17-cv-01909, 2019 WL 2015949, at * 12, cited to cases from the United States District Courts for the Eastern District of Arkansas, the Southern District of Florida, the District of New Jersey, the Middle District of Florida, the Eastern District of Texas, and the Southern District of New York.

Plaintiff's Complaint is devoid of any facts that would tend to show that Defendant requested medical services from Plaintiff. Plaintiff makes a cursory reference that Defendant had "knowledge of the conferred benefit," yet Plaintiff has not pleaded a single fact in its Complaint that, when viewed even in the light most favorable to it, would tend to show that Defendant had any such knowledge or that Defendant requested any service from Plaintiff. Plaintiff has not alleged that Defendant referred Member to Plaintiff to be treated nor has Plaintiff averred that Defendant directly requested any medical services from Plaintiff. As such Plaintiff's Complaint fails to state sufficient facts to meet the pleading requirements for the third element of a *quantum meriut* claim.

Further, Plaintiff has not alleged any facts that would support its claim that Plaintiff rendered valuable services to Defendant. Again, Plaintiff merely concludes that Defendant had knowledge of some conferred benefit and that Defendant somehow accepted this benefit, but Plaintiff has failed to articulate any facts that would tend to show what this benefit was or how Defendant accepted it.

Therefore, because Plaintiff has not pleaded sufficient facts to support a claim of relief under its theory of *quantum meruit*, this Court must dismiss Count Two of Plaintiff's Complaint.

### C. Count Three

Plaintiff's asserts a claim of unjust enrichment arguing that because Plaintiff, "performed emergent [sic] medical services for a covered member of [Defendant's insurance company]," and Defendant failed to reimburse Plaintiff for the cost of those services, Defendant was thereby unjustly enriched. Dkt. 1-2, 7. Again, Plaintiff alleges that Defendant lacks standing to bring an unjust enrichment claim for the same reasons Plaintiff lacked standing to bring a *quantum meruit* cause of action, (*supra*, p. 5). Accordingly, as this Court declined to extend that jurisprudence with

7

respect to Count Two of Plaintiff's Complaint (*supra*, p. 5), this Court also declines to do so with respect to Count Three.

However, this Court finds that Plaintiff's has failed to plead sufficient facts to support its claim of unjust enrichment. Under Virginia law, to successfully state a plausible claim of unjust enrichment for which relief may be granted, a plaintiff must state sufficient facts to show

> (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value.

*See Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990); (quoted by *Sevilla v. Del Castillo*, 111297, 1992 WL 884677, *2, 28 Va. Cir. 164 (Fairfax County 1992)).

For the same reasons that this Court found Plaintiff failed to plead sufficient facts that Defendant requested medical services from Plaintiff under Plaintiff's theory of *quantum meriut*, (*supra*, p. 6), this Court finds that Plaintiff has not pleaded sufficient facts to support its claim that Defendant had knowledge that Plaintiff conferred a benefit on Defendant under its theory of unjust enrichment.

Accordingly, this Court must dismiss Count Three of Plaintiff's Complaint.

### D. Plaintiff Will Have Leave to Amend Complaint

The Fourth Circuit has held that "[l]eave to amend need not be given when amendment would be futile." *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The term "futile" by its very nature presupposes incapability of producing *any* viable perspective.  At this juncture, it is not apparent that amendment would be futile. Therefore, Plaintiff will have leave to amend its Complaint.

### IV. CONCLUSION

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss is GRANTED, and this case is hereby DISMISSED without prejudice.

It is SO ORDERED.

Alexandria, Virginia
January 2, 2020

/s/

Rossie D. Alston, Jr.
United States District Judge